**Judge Hellerstein**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
YUGMORTRANS LTD.,

                    Plaintiff,        08 CV

-v-

                                      **VERIFIED COMPLAINT**

ASLI DENIZ TASIMACILIGI

                    Defendant.
------------------------------------------------------------------x

       Plaintiff, YUGMORTRANS LTD. (hereinafter "YUGMORTRANS"), by its attorneys, CHALOS & CO., P.C. as and for its Verified Complaint against Defendant, ASLI DENIZ TASIMACILIGI (hereinafter "ASLI"), alleges upon information and belief as follows:

## JURISDICTION

       1.    The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

       2.    At all times material hereto, Plaintiff, YUGMORTRANS, was and still is a foreign business entity duly organized and existing pursuant to the laws of Cyprus, with principal place of business at, 229 Arch. Makarios I I I Ave., Meliza Court, 4th Floor, 3105, Limasol, Cyprus.

       3.    At all times material hereto, Defendant, ASLI, was and still is a foreign business entity duly organized and existing pursuant to the laws of Turkey, with principal place of business at 39, Fettah Basaran Caddesi, Mescit Mah Tuzla, Istanbul, Turkey.

## AS A FIRST CAUSE OF ACTION

4. On or about February 4, 2008, YUGMORTRANS, as charterers of the M/V KIRKLARELI, and ASLI, as owners/managers of the vessel, entered into a voyage charter party for the carriage of 5,000mt of sunflower meal from Novorossiysk, Russia to ports in Morocco.

5. This contract between YUGMORTRANS and ASLI is a maritime contract consisting of a fixture note and voyage charter (hereinafter referred to as the "maritime contract").

6. Pursuant to the maritime contract, YUGMORTRANS and ASLI agreed to, among other things, the delivery of the vessel, payment of freight, and the arbitration of disputes arising out of the maritime contract.

7. In accordance with the maritime contract, YUGMORTRANS awaited delivery of the M/V KIRKLARELI from ASLI, however the vessel was never provided to YUGMORTRANS during the agreed-upon time for delivery.

8. The failure of ASLI to deliver the vessel to YUGMORTRANS during the agreed-upon period constitutes breach of a maritime contract.

9. As a result of the failed delivery of the vessel, YUGMORTRANS was forced to enter another charter party agreement for another vessel, the MV BURAK A. The rate of freight for the new voyage was US$8.50 per metric ton higher than that of the MV KIRKLARELI, resulting in damages of US$42,500.00 ($8.5 per mt x 5,000mt) incurred by YUGMORTRANS.

10. Because the MV KIRKLARELI was not available for loading, YUGMORTRANS was required to pay a penalty to the sellers of the sunflower meal in the amount of US$131,950.00.

11. Further, because the cargo was late to load, rail coaches were delayed while waiting for the new vessel. YUGMORTRANS was required to pay US$169,979.10 as a result of the rail coach delays.

12. Despite demands by YUGMORTRANS to the defendant, ASLI, in breach of the terms of the February 4, 2008 voyage charter agreement, has failed to pay any of the costs incurred as a result of ASLI's breach of the maritime contract. To date, the total amount due and owing to YUGMORTRANS by ASLI is US$344,429.10.

13. Pursuant to the terms of the maritime contract, all disputes arising there under are to be submitted to London arbitration with English law to apply. English law provides that the prevailing party is entitled to interest, costs and legal fees. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount of not less than US$150,000.00.

14. Therefore, YUGMORTRANS's total claim for breach of the maritime contract against ASLI is in the aggregate US$494,429.10.

## BASIS FOR ATTACHMENT

15. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like

belonging to, claimed by, or for the benefit of, the Defendant within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

16.     Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendant; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendant, ASLI DENIZ TASIMACILIGI, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.     That since the Defendant cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendant's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendant, up to the amount of US$494,429.10, to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

    C.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
       June __, 2008

                            CHALOS & CO., P.C.
                            Attorneys for Plaintiff
                            YUGMORTRANS LTD.

By: _____
      George M. Chalos (GC-8693)
      123 South Street,
      Oyster Bay, New York 11771
      Tel: (516) 714-4300
      Fax: (866) 702-4577
      Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
YUGMORTRANS LTD.,

                              Plaintiff,        08 CV

-v-

                                          **VERIFICATION OF**
                                          **COMPLAINT**

ASLI DENIZ TASIMACILIGI,
                              Defendant.
------------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.     I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff, YUGMORTRANS LTD., herein;

       2.     I have read the foregoing Verified Complaint and know the contents thereof; and

       3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.     The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
      June 4, 2008

                                    CHALOS & CO., P.C.
                                    Attorneys for Plaintiff
                                    YUGMORTRANS LTD.

                    By: _____
                                    George M. Chalos (GC-8693)
                                    123 South Street,
                                    Oyster Bay, New York 11771
                                    Tel: (516) 714-4300
                                    Fax: (866) 702-4577
                                    Email: gmc@chaloslaw.com